UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES DONALD RUSTEN,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>          Defendant. | )<br>) No. CV-09-176-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing in Yakima, Washington on May 7, 2010 (Ct. Rec. 16, 17). Attorney George R. Guinn appeared for plaintiff; Special Assistant United States Attorney L. Jamala Edwards appeared for the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 7). On March 3, 2010, plaintiff filed a reply (Ct. Rec. 19). After considering the arguments of counsel, the administrative record, and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 17) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 16).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) on March 19, 2007, alleging disability beginning December 31, 1999 (Tr. 111-113). The application was denied

initially and on reconsideration (Tr. 65-67, 72-73).

At a hearing before Administrative Law Judge (ALJ) R. S. Chester on January 21, 2009, plaintiff, represented by counsel, and vocational expert Fred Cutler testified (Tr. 18-45). On February 3, 2009, the ALJ issued an unfavorable decision (Tr. 7-13). The Appeals Council denied Mr. Rusten's request for review on April 3, 2009 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on June 8, 2009 (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

At the hearing plaintiff was 58 years old (Tr. 21). He served in Marine Corps in Vietnam from January of 1969 until  honorably discharged in August of 1970 (Tr. 29,112). Mr. Rusten was married from 1974 until 1991 (Tr. 112). He testified he last drank in 1999 or 2000 and currently "smokes pot every now and then" (Tr. 24,29,32). Mr. Rusten earned a bachelor's degree in 1976[1] (Tr. 126).  He last worked full time in December of 1997 as a contracts specialist (Tr. 21,148). He has also worked as a contracts administrator, licensing analyst, retail salesperson, and pizza deliverer (Tr. 148).

---

[1]Plaintiff's former spouse states he completed two years of an MBA program and one year of law school, both at Gonzaga University (Tr. 126; see also Tr. 284).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 2 -

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P,
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled. If
the impairment is not one conclusively presumed to be disabling,
the evaluation proceeds to the fourth step, which determines
whether the impairment prevents plaintiff from performing work
which was performed in the past. If a plaintiff is able to perform
previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§
404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, plaintiff's
residual functional capacity ("RFC") assessment is considered. If
plaintiff cannot perform this work, the fifth and final step in
the process determines whether plaintiff is able to perform other
work in the national economy in view of plaintiff's residual
functional capacity, age, education and past work experience. 20
C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*,
482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work. *Hoffman v.
Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then
shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 4 -

plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498(9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570,572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,1119 n. 10(9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599,601-602(9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573,576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20,22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525,526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 5 -

resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577,579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230(9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found plaintiff was insured through March 31, 2005 (Tr. 7,9). At step one, ALJ Chester found that although plaintiff worked at times after onset, he earned less than what is considered substantial gainful activity (Tr. 9). At step two, the ALJ found plaintiff suffers from the medically determinable impairments of depression, post traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), and hepatitis C. However, because these impairments did not significantly limit Mr. Rusten's ability to perform basic work-related activities for twelve consecutive months during the relevant period, the ALJ found plaintiff's impairments were not severe (Tr. 9).

The ALJ considered plaintiff's credibility when he weighed the evidence at step two. He found plaintiff less than completely credible (Tr. 11-13). Because at step two the ALJ determined

1 plaintiff suffers no severe impairments, he found Mr. Rusten is
2 not disabled as defined by the Social Security Act (Tr. 13).

3 **ISSUES**

4     Plaintiff contends the Commissioner erred as a matter of law
5 when he weighed the medical, psychological, and lay opinion
6 evidence, and when he assessed Mr. Rusten's credibility (Ct. Rec.
7 14 at 2-10). Plaintiff alleges at step three the ALJ should have
8 found Mr. Rusten's impairments meet or medically equal the
9 Listings. Asserting the ALJ's step two determination is supported
10 by substantial evidence and free of legal error, the Commissioner
11 asks the Court to affirm (Ct. Rec. 18 at 12,15).

12 **DISCUSSION**

13 **A. Weighing medical evidence**

14     In social security proceedings, the claimant must prove the
15 existence of a physical or mental impairment by providing medical
16 evidence consisting of signs, symptoms, and laboratory findings;
17 the claimant's own statement of symptoms alone will not suffice.
18 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated
19 on the basis of a medically determinable impairment which can be
20 shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once
21 medical evidence of an underlying impairment has been shown,
22 medical findings are not required to support the alleged severity
23 of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr.
24 1991).

25     A treating physician's opinion is given special weight
26 because of familiarity with the claimant and the claimant's
27 physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir.
28 1989). However, the treating physician's opinion is not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT        - 7 -

"necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005)(citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see Yuckert v. Bowen*, 841 F.2d 303,306 (9th Cir. 1988). If an

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 8 -

adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step. S.S.R. No. 85-28 (1985). Step two, then, is "a de minimus screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb*, 433 F.3d at 687; *see also Yuckert*, 841 F.2d at 306.

Plaintiff contends the ALJ failed to properly credit the opinions of Henry Verby, M.D. (treating physician), Samantha Chandler, Psy.D. (examining psychologist), and John Billings, ARNP (treating professional).

The ALJ observes Dr. Verby diagnosed and began treating plaintiff for ADD and depression[2] in November of 2003; in August of 2005 [about five months after his last insured date] Mr. Rusten "suspended treatment" with Dr. Verby (Tr. 11, referring to Exhibit B-11F). Plaintiff's failure to consistently participate in treatment is one reason the ALJ found Mr. Rusten's impairments do not more than minimally effect his ability to perform basic work-

---

[2]Dr. Verby specifically diagnosed ADHD/Combined Type (severe) and Major Depressive Disorder/Recurrent Episode (Tr. 337).

like activities. Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on subjective complaints 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603(1989), as discussed below. When a claimant's credibility has been permissibly discounted, the ALJ may discard an opinion based on subjective complaints and testing within the claimant's control. *See Schultz v. Astrue,* 2010 WL 106824 (9th Cir. No. 09-36047), citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

More importantly, the ALJ accepted Dr. Verby's opinion plaintiff's conditions can be controlled with medication. Dr. Verby opined Mr. Rusten's conditions are disabling *without treatment* (Tr. 11; Tr. 332)(emphasis supplied). Impairments that can be controlled effectively with medication are not disabling. *Warre v. Commissioner of Social Security*, 439 F.3d 1001 (2006); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983)(affirming denial of benefits and noting that the claimant's impairments were responsive to medication).

Medical evidence from treatment providers at the VA contradicts Dr. Verby's diagnosis. In December of 2005, treating physician Jeffrey Schack, M.D., opined plaintiff's diagnosis of adult ADD may be questionable (Tr. 248). After he reviewed "fairly extensive testing" conducted in May of 2003, Dr. Schack opined (also in December of 2005) plaintiff's results supported a diagnosis of major depressive disorder, but not ADD (Tr. 254).

The ALJ considered the opinion of Ms. Chandler, who examined plaintiff in February of 2007, almost two years after his insured status expired. The ALJ observes:

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 10 -

> [she] diagnosed a mood disorder, ADHD, and [assessed]
> a GAF of 53. Ms. Chandler noted that the claimant was
> not cooperative, and he did not have the symptoms of
> PTSD or bipolar disorder. She reported that the
> claimant was not receiving mental health services
> but was taking adderall. Ex. B-4F.

(Tr. 12).

    Although Ms. Chandler examined plaintiff well after the

relevant period, the ALJ gave some weight to her observations

plaintiff was not cooperative and failed to pursue mental health

treatment. He properly credited these observations because they

are consistent with the record during the relevant period (Tr.

12).

    The ALJ considered ARNP John Billings's opinion. Mr. Billings

treated plaintiff for six months. He then opined, in January of

2008, Mr. Rusten's ADHD and co-morbid depression rendered him

highly impaired (Tr. 12, referring to Exhibit B-12F). The ALJ

largely discounted this opinion for several reasons, most

significantly, because it describes a course of treatment Mr.

Rusten began about two years after his insured status expired (Tr.

12). The ALJ accepted Mr. Billings's opinion to the extent it is

supported by other evidence, i.e., his [Billings's] opinion

plaintiff's condition responds well to proper treatment is

consistent with Dr. Verby's opinion during part of the relevant

period. And, the ALJ accurately observes, Mr. Billings and

Verby's opinion plaintiff's impairments are effectively controlled

with medication and treatment is echoed by Mr. Rusten's former

spouse (Tr. 12, 126).

    To further aid in weighing the conflicting medical evidence,

the ALJ evaluated plaintiff's credibility and found him less than

fully credible (Tr. 11). Credibility determinations bear on

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 11 -

evaluations of medical evidence when an ALJ is presented with
conflicting medical opinions or inconsistency between a claimant's
subjective complaints and diagnosed condition. *See Webb v.*
*Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility
determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.
1995). However, the ALJ's findings must be supported by specific
cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.
1990). Once the claimant produces medical evidence of an
underlying medical impairment, the ALJ may not discredit testimony
as to the severity of an impairment because it is unsupported by
medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.
1998). Absent affirmative evidence of malingering, the ALJ's
reasons for rejecting the claimant's testimony must be "clear and
convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).
"General findings are insufficient: rather, the ALJ must identify
what testimony not credible and what evidence undermines the
claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v.*
*Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's credibility assessment is supported by clear and
convincing reasons which in turn are supported by the record.  The
ALJ discounted credibility in part because plaintiff failed to
consistently participate in mental health counseling and follow
prescribed treatment. As ALJ Chester observes, if plaintiff's
mental health problems are not severe enough to motivate him to
seek treatment, it is difficult to accept his assertion that they
are disabling (Tr. 11).

The ALJ is correct. Complaints of severe mental impairment

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 12 -

are undermined by failing to pursue effective treatment and medication without good reason. Benefits may not be denied to a disabled claimant because of failure to obtain treatment the claimant cannot afford. *Warre v. Commissioner of Soc. Sec.,* 439 F.3d at 106, citing *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995); *see also Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). Mr. Rusten fails to show good cause for his lack of treatment. The ALJ notes plaintiff has failed to obtain mental health treatment available to him through the Veteran's Administration (Tr. 11).

Plaintiff's daily activities are inconsistent with claims he isolates himself for months at a time, as the ALJ notes (Tr. 11). Mr. Rusten does laundry, cooks, is able to drive, cleans, shops weekly, reads, performs computer research, enjoys watching movies at a friend's house, and has friends over (Tr. 140,142-144,160,254,260,285-286). The ALJ correctly relied on conduct inconsistent with allegedly disabling symptoms when he assessed credibility.

The ALJ relied on plaintiff's lack of honesty with respect to drug use. Plaintiff was accepted into transitional housing based on assurances he did not use illegal drugs. The ALJ notes Mr. Rusten was kicked out because he continued using marijuana; tests in June of 2006 were positive for marijuana and amphetamine (Tr. 11 referring to Exhibit B-3F).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's

statements, inconsistencies between statements and conduct, and extent of daily activities). As indicated, noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d at 603 (9th Cir. 1989).

ALJ Chester considered plaintiff's credibility when he weighed the evidence of mental limitations. Plaintiff's argument the ALJ improperly rejected the opinions of Dr. Verby, Ms. Chandler, and Mr. Billings is unsupported by the record.

The ALJ correctly points out there is no evidence establishing plaintiff's impairments had more than a slight effect on his ability to perform basic work-like activities, lasting twelve consecutive months, during the relevant period.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Brown*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

The ALJ's step two determination is supported by the record

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 14 -

1  free of error. Because the court finds no error in the step two

2  determination, plaintiff's step three argument need not be

3  addressed.

4  **CONCLUSION**

5      Having reviewed the record and the ALJ's conclusions, this

6  court finds that the ALJ's decision is free of legal error and

7  supported by substantial evidence..

8      **IT IS ORDERED:**

9      1. Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is

10 **GRANTED.**

11     2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is

12 **DENIED.**

13     The District Court Executive is directed to file this Order,

14 provide copies to counsel for Plaintiff and Defendant, enter

15 judgment in favor of Defendant, and **CLOSE** this file.

16     DATED this 10th day of May, 2010.

17

18                     s/ James P. Hutton
                         JAMES P. HUTTON

19            UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28